Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| LENDING ADVISOR, INC. **Recurrido** V. MARIA DE LOS ÁNGELES COLÓN MOREL **Peticionaria** | KLCE202400287 | *CERTIORARI* procedente del Tribunal de Primera Instancia Ponce Núm Caso: J CD202300420 Sobre: Cobro de Dinero y Ejecución de Hipoteca por la Vía Ordinaria |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard.

**Hernández Sánchez, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de marzo de 2024.

El 7 de marzo de 2024, la Sra. María de los Ángeles Colón (señora Colón o peticionaria) compareció ante nos mediante una *Petición de Certiorari* y solicitó la revisión de una *Resolución* que se emitió el 19 de enero de 2024 y se notificó el 24 de enero de 2024 por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI). Mediante el aludido dictamen, el TPI ordenó la venta en pública subasta de la propiedad inmueble objeto de esta controversia y le concedió a Lending Advisor, Inc. (Lending o recurrida) la suma de $17,625.00 para gastos, costas y honorarios de abogado, pactados en el pagaré y en el contrato de hipoteca.

Por los fundamentos que expondremos a continuación, **denegamos** el recurso de epígrafe.

I.

El 1 de abril de 2003, Doral Financial Corporation presentó una *Demanda* sobre ejecución de hipoteca por la vía ordinaria y cobro de dinero en contra del Sr. Luis Eugenio Diou Agrait (señor

Diou).[1] Posteriormente, el 14 de junio de 2005, se enmendó la *Demanda* con el único fin de incluir a la esposa del señor Diou, la Sra. Colón, y la supuesta Sociedad Legal de Gananciales compuesta por ambos como parte demandada del pleito.[2] Ello, toda vez que una de las propiedades objeto de ejecución pertenecía a ambos cónyuges.

Luego de varios trámites procesales, incluyendo la anotación en rebeldía del señor Diou y la señora Colón, el 21 de junio de 2006, el TPI emitió una Sentencia.[3] En esta, realizó unas determinaciones de hechos y a base de estas concluyó que la parte demandada le adeudaba a Doral Financial Corporation las cantidades que se reclamaron en la *Demanda.* Inconforme con esta determinación, el Sr. Diou, su esposa, la señora Colón y la Sociedad Legal de Gananciales compuesta por ambos (parte demandada) comparecieron ante el Tribunal de Apelaciones en el Caso Núm. KLAN20070972 argumentando que el TPI le había impuesto gastos excesivos y cargos por mora de forma ilegal. Además, impugnaron la imposición de un pago solidario toda vez que, según ellos, se habían casado bajo el régimen de capitulaciones matrimoniales.

El 16 de diciembre del 2011, nuestro panel hermano dictó una *Sentencia,* mediante la cual determinó lo siguiente: (1) que los cargos por demora eran excesivos y (2) que se debía excluir a la Sociedad Legal de Gananciales puesto que esta era inexistente y, por ende, la deuda de la señora Colón estaba limitada a su participación en la propiedad "B", poseída en comunidad con su esposo y no como deudora solidaria.[4]

Posteriormente, el préstamo hipotecario objeto de la controversia fue adquirido por Lending. Ello se informó mediante

---

[1] Véase, págs. 1-4 del apéndice del recurso.
[2] Íd., págs. 5-8.
[3] Íd., págs. 13-15.
[4] Íd., págs. 17-34.

una *Solicitud de Sustitución de Parte.* Así pues, el 2 de julio de 2019, los demandados presentaron una *Moción Reclamando el Derecho sobre Crédito Litigioso y Urgente Solicitud de Orden.*[5] En esta, argumentaron que la cesión de crédito litigioso no se llevó a cabo conforme al Capítulo VII sobre Transmisión de Créditos que preceptúa el Código Civil. Ante esta contención, reclamaron su derecho a extinguir el crédito litigioso conforme al Art. 1425 del Código Civil de Puerto Rico de 1930, 31 LPRA sec. ant. 3950 y solicitaron que se emitiera una Orden para que la parte recurrida presentara todo contrato de venta del crédito litigioso y certificara la cuantía por la cual la adquirió.

El 19 de julio de 2019, Lending se opuso a dicha moción.[6] En síntesis, sostuvo que para que procediera una solicitud de retracto de crédito litigioso era un requisito esencial que la contienda judicial, pendiente a la fecha de la venta o cesión del crédito, girara en torno a la existencia del crédito y no sobre la consecuencia de su existencia. Por lo tanto, planteó que en este caso era totalmente improcedente la aplicación del retracto de crédito litigioso toda vez que existía una Sentencia final, firme e inapelable adjudicando el asunto sobre el monto del crédito.

Evaluadas las mociones antes expuestas, el 2 de octubre del 2019, el TPI emitió una *Resolución* que fue notificada el 4 de octubre de 2019.[7] En esencia, el TPI resolvió que no procedía como cuestión de derecho la solicitud de los demandados a ejercer el retracto de crédito litigioso en el presente caso. En consecuencia, declaró No Ha Lugar la *Moción Reclamando el Derecho sobre Crédito Litigioso y*

---

[5] Adoptamos estos hechos de la *Sentencia* que este panel dictó el 12 de abril de 2023 en el caso núm. KLCE202300296.

[6] Adoptamos estos hechos de la *Sentencia* que este panel dictó el 12 de abril de 2023 en el caso núm. KLCE202300296.

[7] Adoptamos estos hechos de la *Sentencia* que este panel dictó el 12 de abril de 2023 en el caso núm. KLCE202300296.

*Urgente Solicitud de Orden* que presentó la parte demandada. Además, permitió la sustitución de parte.

Así las cosas y luego de varios trámites procesales, el 7 de julio de 2022, la señora Colón presentó una *Moción sobre Derecho de Propiedad o Posesión sobre el Instrumento Negociable.*[8] Indicó que la cesión onerosa del crédito objeto de la presente controversia le permitía ejercer su derecho de propiedad o de posesión sobre el instrumento negociable al amparo de la Sección 2-306 de la Ley de Transacciones Comerciales. Aclaró que su reclamo no era uno de retracto de crédito litigioso al amparo del Art. 1425 del Código Civil, *supra,* puesto que reconocía que dicha figura había sido desplazada por el Tribunal Supremo en el caso *DLJ Mortgage Capital, Inc. v. Santiago Martínez,* 202 DPR 950 (2019). Por último, aseguró que su reclamo no era incompatible con lo resuelto en el caso antes descrito toda vez que dicho caso claramente expresaba que las controversias que involucraban la cesión de instrumentos negociables se regían por la Ley de Transacciones Comerciales.

En respuesta, el 21 de julio de 2022, la parte recurrida presentó su oposición.[9] Indicó que el caso de epígrafe fue adjudicado en su totalidad y, por consiguiente, lo que la señora Colón solicitó en la moción antes descrita era improcedente de su faz. Añadió que cualquier planteamiento litigioso en esta etapa de los procedimientos constituía cosa juzgada.

Cabe precisar que, el caso estuvo paralizado desde el 4 de mayo de 2021 por la radicación de una quiebra por la parte recurrida. Sin embargo, cuando se levantó la paralización, la parte peticionaria presentó una *Moción para Reiterar la Procedencia del Derecho de Propiedad o Posesión sobre el Instrumento Negociable*

---

[8] Véase, págs. 37-40 del apéndice del recurso.
[9] Adoptamos estos hechos de la *Sentencia* que este panel dictó el 12 de abril de 2023 en el caso núm. KLCE202300296.

*conforme a la Ley de Transacciones Comerciales* [...].[10] En esta, expuso los mismos argumentos que en la moción del 5 de julio de 2022.

A pesar de que el TPI le concedió una oportunidad a la parte recurrida para que se expresara en torno a dicha moción, esta última no presentó su oposición en el término concedido para ello. Así pues, el 8 de diciembre de 2022, la parte peticionaria presentó una *Moción para que se tenga por Sometida sin Oposición* [...][11] y la parte recurrida replicó el 15 de diciembre de 2022.[12] En esta, reiteró lo que había planteado en su oposición del 21 de julio de 2022.

Evaluados los escritos de ambas partes, el 27 de enero de 2023, el TPI emitió una *Resolución* que fue notificada el 30 de enero de 2023.[13] En esta, declaró No Ha Lugar a la *Moción Reclamando el Derecho sobre Crédito y Urgente Solicitud de Orden*. Para sostener su decisión, discutió las figuras de cosa juzgada y la ley del caso y a tenor con el derecho expuesto, concluyó lo siguiente:

> Resulta obvio que los demandados intentan hacer reclamos basados en fundamentos que tratan sobre asuntos que ya fueron adjudicados o que pudieron ser planteados anteriormente. Por lo tanto, no podemos avalar la utilización de remedios ordinarios para presentar planteamientos y volver a re litigar controversias debidamente adjudicadas por el tribunal.

En desacuerdo con este dictamen, el 14 de febrero de 2023, la señora Colón presentó una *Moción en Reconsideración*.[14] En síntesis, señaló que el TPI emitió un dictamen sobre una moción que se presentó en el 2019 que versaba sobre el reclamo de crédito litigioso al amparo del Art. 1425 del Código Civil de 1930, *supra*, que estaba derogado. Aclaró que dicha moción no era objeto de interés

---

[10] Adoptamos estos hechos de la *Sentencia* que este panel dictó el 12 de abril de 2023 en el caso núm. KLCE202300296.
[11] Adoptamos estos hechos de la *Sentencia* que este panel dictó el 12 de abril de 2023 en el caso núm. KLCE202300296.
[12] Adoptamos estos hechos de la *Sentencia* que este panel dictó el 12 de abril de 2023 en el caso núm. KLCE202300296.
[13] Véase, págs. 41-44 del apéndice del recurso.
[14] Adoptamos estos hechos de la *Sentencia* que este panel dictó el 12 de abril de 2023 en el caso núm. KLCE202300296.

para la parte demandada ya que fue resuelta en sus méritos por el TPI el 2 de octubre del 2019. En vista de ello, sostuvo que el último reclamo de su parte versaba sobre su derecho de propiedad o de posesión sobre el instrumento negociable al amparo de la Sección 2-306 de la Ley de Transacciones Comerciales y este reclamo no había sido traído ante la consideración del Tribunal antes del 7 de julio de 2022. En consecuencia, afirmó que el TPI no había entrado en los méritos de dicho reclamo y, por ende, no aplicaban las figuras de cosa juzgada y la ley del caso.

El 21 de febrero de 2023, el TPI emitió una *Resolución* que se notificó el 23 de febrero de 2023 mediante la cual denegó la solicitud de reconsideración.[15] Aún inconforme, el 24 de marzo de 2023, la señora Colón presentó un recurso de *certiorari* en el Caso Núm. KLCE202300296 impugnando la *Resolución* que dictó el TPI el 27 de enero de 2023. Atendido el recurso y su oposición, el 12 de abril de 2023, este panel dictó una *Sentencia* mediante la cual, en lo pertinente, resolvió que el TPI debía atender *Moción sobre Derecho de Propiedad o Posesión sobre el Instrumento Negociable* que presentó la peticionaria el 7 de julio de 2022 en sus méritos.[16]

Así pues, el 16 de agosto de 2023, Lending presentó una *Moción Informativa sobre Notificación de Mandato* [...].[17] En primer lugar, indicó que la señora Colón era la única reclamando el alegado derecho de propiedad o posesión sobre el instrumento negociable a pesar de que no era deudora hipotecaria ni titular del inmueble que era objeto de ejecución en el presente caso. Así pues, razonó que esta última no tenía legitimación activa para reclamar el remedio que disponen las secciones 2-305 y 2-306 de la Ley de Transacciones Comerciales por lo que no era susceptible de remedio

---

[15] Adoptamos estos hechos de la *Sentencia* que este panel dictó el 12 de abril de 2023 en el caso núm. KLCE202300296.
[16] Véase, págs. 45-61 del apéndice del recurso.
[17] Íd., págs. 64-74.

alguno. En vista de ello, le solicitó al TPI a que declarara No Ha Lugar la *Moción sobre Derecho de Propiedad o Posesión sobre el Instrumento Negociable* que presentó la peticionaria.

El 6 de octubre de 2023, la señora Colón presentó una *Réplica a la Moción Informativa sobre Notificación de Mandato* […].[18] En cuanto al argumento de la legitimación activa, puntualizó que gozaba de un interés legítimo sobre la propiedad objeto de ejecución en la presente controversia ya que compareció en la escritura de hipoteca como deudora y dio su consentimiento para hipotecar la propiedad en la que tenía participación. Asimismo, añadió que esta propiedad constituía su único hogar. Por último, aclaró que su reclamo se basaba en la Sección 2-306 de la Ley de Transacciones Comerciales que, según ella, no estaba supeditada a la Sección 2-305 de la referida ley. Así pues, afirmó que Lending no demostró que adquirió el instrumento negociable de buena fe por lo que procedía su reclamo bajo la referida Sección. Posteriormente, el 10 de octubre de 2023, la parte recurrida presentó una *Breve Dúplica a: Réplica a Moción Informativa* […][19] y en respuesta, el 20 de octubre de 2023, la peticionaria presentó una *Oposición a Breve Dúplica a Réplica* […].[20]

Evaluadas las posturas de ambas partes, el 6 de noviembre de 2023, el TPI dictó una *Resolución* que se notificó el 10 de noviembre de 2023.[21] En esta, declaró No Ha Lugar la *Moción sobre Derecho de Propiedad o Posesión sobre Instrumento Negociable* que presentó la señora Colón. Los fundamentos para la precitada determinación fueron los siguientes:

> Según se desprende del expediente, Doral Financial Corporation transfirió el pagaré objeto de este pleito, hasta que termina con Lending Advisors, Inc., como actual tenedor, esto después de adjudicada la controversia. Para acreditar su legitimación activa como

---

[18] Íd., págs. 83-97.
[19] Íd., págs. 98-101.
[20] Íd., págs. 102-109.
[21] Íd., págs. 110-119.

cesionario, el demandante presentó copia del pagaré. Por lo tanto, debemos afirmar que en este caso hubo una cesión de créditos válida y de buena fe.

Por otro lado, surge de la *Solicitud de Sustitución de Parte* presentada por el demandante el 1 de julio de 2019, que el pagaré que se acompañó fue endosado en blanco. Según la normativa citada, un pagaré endosado en blanco equivale a uno al portador. Esto significa que el poseedor del pagaré, Lending Advisors, Inc. tiene legitimación activa para reclamar el pago, toda vez que la posesión del pagaré equivale a ostentar el título y le da al poseedor legitimación para el cobro. Este endoso convirtió el pagaré en uno exigible por el portador, cuyo derecho surge de la mera posesión del instrumento negociable. La parte demandante, Lending Advisors, Inc. es el poseedor del pagaré al portador, por lo que no necesita cumplir con ninguna exigencia adicional de nuestro derecho cambiario. La parte codemandada no demostró que la parte demandante fuera un poseedor de mala fe.

A propósito, surge de la Certificación Registral emitida el 14 de junio de 2006 por el Registrador de la Propiedad, Sección Primera de Ponce, que el demandado, Luis Eugenio Diou Agrait es titular del pleno dominio de la totalidad de la propiedad "A" objeto de controversia, con carácter privativo. Es decir, la parte codemandada, María de los Ángeles Colón Morel no es titular, ni dueña de la propiedad de la cual reclama derecho de propiedad o posesión sobre el instrumento negociable. Por tanto, la parte codemandada está impedida de reclamar el remedio dispuesto en las Secciones 2-305 y 2-306 de la Ley de Transacciones Comerciales, *supra*, u otro remedio en ley, toda vez que estas defensas corresponden al deudor, por lo que no tiene legitimación para invocarlas, ni demostró la existencia de perjuicio o amenaza real y vigente a los derechos de la parte codemandada.

En desacuerdo con este dictamen, el 27 de noviembre de 2023, la señora Colón presentó una *Moción de Reconsideración*.[22] El 15 de diciembre de 2023, Lending presentó su oposición a la solicitud de reconsideración.[23] Así las cosas, el 20 de diciembre de 2023, el TPI dictó una *Resolución* que se notificó el 21 de diciembre de 2023, mediante la cual declaró No Ha Lugar la solicitud de reconsideración que presentó la peticionaria.[24]

---

[22] Íd., págs. 123-144.
[23] Íd., págs. 146-151.
[24] Íd., pág. 156.

El 27 de diciembre de 2023, la señora Colón presentó una *Moción sobre Remedio Provisional* y en esta le solicitó al TPI a que le concediera un término de veinte (20) días para expresar su posición en cuanto a la oposición de la solicitud de reconsideración.[25] En respuesta, ese mismo día, a saber, el 27 de diciembre de 2023, Lending presentó una *Réplica a "Moción sobre Remedio Provisional"* en la cual indicó que el remedio solicitado por la peticionaria no estaba cobijado por las Reglas de Procedimiento Civil y dicha parte solo intentaba presentar una segunda solicitud de reconsideración lo cual era contrario a derecho.[26] Además, señaló que, en aras de que se pudiese finalizar el proceso de ejecución de sentencia del presente caso que se originó hace veinte (20) años y que tenía Sentencia final, firme e inapelable desde hace doce (12) años, solicitaba que el TPI declarara No Ha Lugar la solicitud de remedio provisional. Así pues, el 29 de diciembre de 2023, el TPI emitió una *Resolución* que se notificó el 8 de enero de 2024 mediante la cual declaró No Ha Lugar a la solicitud de remedio provisional que presentó la peticionaria.[27]

El 8 de enero de 2024, la parte recurrida presentó una *Solicitud de Nueva Orden y Mandamiento de Ejecución de Sentencia* y solicitó la ejecución de sentencia y en su consecuencia, que se expidiera la correspondiente Orden y Mandamiento de ejecución de sentencia.[28] El 16 de enero de 2024, la parte peticionaria presentó una moción solicitándole al TPI un término para oponerse a la referida solicitud.[29] **Además, ese mismo día, a saber, el 16 de enero de 2024, a pesar de que el TPI ya había emitido un dictamen en cuanto a la solicitud de remedio provisional, la**

---

[25] Íd., págs. 158-161.
[26] Íd., págs. 162-163.
[27] Íd., pág. 164.
[28] Íd., pág. 166.
[29] Íd., págs.

**parte peticionaria presentó una *Dúplica sobre "Réplica a Moción de Remedio Provisional".***[30]

Posteriormente, el 19 de enero de 2024, el TPI emitió una *Orden de Ejecución de Sentencia y Venta de Bienes* que se notificó el 24 de enero de 2024 mediante la cual ordenó la venta en pública subasta de la propiedad inmueble objeto de esta controversia y le concedió a Lending la suma de $17,625.00 para gastos, costas y honorarios de abogado, pactados en el pagaré y en el contrato de hipoteca.[31] Inconforme con esta determinación, el 5 de febrero de 2024, la señora Colón presentó una solicitud de reconsideración[32] la cual fue declarada No Ha Lugar mediante una *Resolución* que el TPI dictó y notificó el 7 de febrero de 2024.[33]

Aún inconforme, el 7 de marzo de 2024, la señora Colón presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> **Erró y abusó de su discreción el foro de instancia al dictar Orden de Ejecución de Sentencia y Venta de Bienes pese a que hay un asunto material pertinente ante la consideración de este Honorable Tribunal en el recurso de certiorari KLCE202400079: el reclamo de derecho de propiedad o posesión sobre el instrumento negociable a tenor de la sección 2-306 de la Ley de Transacciones Comerciales, según enmendada, *supra.***

> **Erró, abusó de su discreción y se contradijo el foro de instancia al dictar orden de ejecución de sentencia y venta de bienes, pero determinó esperar el dictamen de este Honorable Tribunal en cuanto al auto de *certiorari* KLCE202400079 y no resolver las Dúplica sobre "Réplica a Moción de Remedio Provisional" y la Moción sobre Intención de Oponerse a Solicitud de Nueva Orden y Mandamiento de Ejecución de Sentencia de la parte recurrente las cuales remiten a la orden precitada.**

> **Erró y abusó de su discreción el foro de instancia al dictar Orden de Ejecución de Sentencia y Venta de Bienes y no acoger la Moción de Reconsideración de dicha Orden de la parte recurrente las cual discute los errores A y B y da cuenta también de cómo el foro de instancia emitió la citada orden la cual**

---

[30] Íd., págs. 169-171.
[31] Íd., págs. 172-173.
[32] Íd., págs. 178-191.
[33] Íd., pág. 192.

**adopta la posición de la parte recurrida pese a que la última faltó a la verdad al aseverar que la parte recurrente presentó fuera de término su moción de reconsideración del 21 de noviembre de 2023 y ha recurrido a tergiversaciones y omisiones de hechos para aseverar falsamente también que la parte recurrente no es deudora hipotecaria en este caso y, por lo tanto, no queda vinculada por la sección 2-306 de la Ley de Transacciones Comerciales, según enmendada, *supra*, ni por las definiciones de deudor hipotecario de varias leyes.**

Atendido el recurso, el 11 de marzo de 2024, emitimos una *Resolución* concediéndole a la parte recurrida hasta el 18 de marzo de 2024 para presentar su postura en cuanto al recurso. Oportunamente, Lending presentó una *Moción de Desestimación* en la cual indicó que la señora Colón había presentado otro recurso en el Caso Núm. KLCE202400079 ante este panel y había expuesto los mismos argumentos que en el presente caso. Así pues, argumentó que el recurso era frívolo y no presentaba una controversia sustancial, sino que se presentó para demorar los procedimientos. Por último, expuso que el presente recurso no cumplía con ninguno de los requisitos que dispone la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, para la expedición del *certiorari.*

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver el asunto ante nos. *Veamos.*

II.

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd., pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró,* 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al

discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de las Reglas de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

Es importante destacar que, al interpretar la Regla 52.1 de Procedimiento Civil, *supra*, el Tribunal Supremo resolvió que "las resoluciones atinentes a asuntos postsentencia [como la que tenemos ante nuestra consideración] no se encuentran comprendidas entre aquellas determinaciones de naturaleza interlocutoria categóricamente sujetas a escrutinio mediante el recurso de *certiorari*". *IG Builders et. al. v. BBVAPR*, 185 DPR 307, 339 (2012). En otros términos, al determinar si procede expedir o denegar un recurso de *certiorari* en el cual se recurre de un asunto postsentencia, debemos evaluar únicamente los criterios

enmarcados en la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. Íd. La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró,* supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago,* 176 DPR 559, 581 (2009).

III.

Nos corresponde justipreciar si debemos ejercer nuestra facultad discrecional al amparo de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra.* Luego de examinar el expediente a la luz de los criterios de la Regla 40 del Tribunal de

Apelaciones, *supra,* no identificamos razón por la cual este Foro deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el foro de primera instancia haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. Reiteramos que en el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

IV.

Por los fundamentos antes expuestos, ***denegamos*** el recurso de epígrafe.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones